09-3699-cv
Gooden v. State of CT

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION: "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> ROBERT D. SACK,
> GERARD E. LYNCH,
> > *Circuit Judges.*

---

Courtney Gooden,

> *Plaintiff-Appellant*,

> v.                                              09-3699-cv

Connecticut Department of Correction, William Barber, Supt. Unified School District #1 I/O, Marcia Wade, former principal, J.B. Gates C.I., I/O,

> *Defendants-Appellees*.

---

FOR APPELLANT: Courtney Gooden, *pro se*, Waterford, Connecticut.
FOR APPELLEE:  Richard Blumenthal, Attorney General of the State of Connecticut, Josephine S. Graff, Assistant Attorney General, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, J.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant appeals from the district court's order granting Appellee Barber's motion to dismiss his complaint as to all Appellees on grounds of *res judicata*, collateral estoppel, and failure to prosecute. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We reject Appellant's argument that this Court should grant him leave to amend his complaint. First, courts of appeal do not generally consider issues raised for the first time on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976). Second, the power to grant such leave is reserved to the district court. *See* Fed. R. Civ. P. 1 (explaining that the Federal Rules of Civil Procedure govern district court proceedings), 15(a)(2) (providing for amendment with consent or leave of court). Third, the district court *did* afford Appellant an opportunity to amend in its order dismissing the case, but Appellant did not do so.

Appellant has abandoned any challenge to the district court's order dismissing his complaint by failing to address that order in his original brief. *See Evangelista v. Ashcroft*, 359 F.3d 145, 155-56 n.4 (2d Cir. 2004) (this Court generally does

2

not consider issues raised for the first time in a reply brief); *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (when a litigant, even if proceeding *pro se*, raises an issue before the district court but does not raise it on appeal, it is abandoned).  In any event, we find no error in the district court's carefully-reasoned conclusions.  We have considered Appellant's remaining arguments and find them to be without merit.  Accordingly, the judgment of the district court is **AFFIRMED.**

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk